No. 13-1133 - *Gregory Grim, et al. v. Eastern Electric, LLC*

Benjamin, Justice, concurring:

I completely agree with the majority decision. I write separately to emphasize the fact noted in the majority opinion that the petitioners performed identical work for Eastern Electric on other public works construction projects during the same period at issue in this case and were paid prevailing wages. When the petitioners questioned members of Eastern Electric about this discrepancy, they were informed that prevailing wages were not paid in the instant case because it was termed a "maintenance contract" by the executive branch. Significantly, the payment of prevailing wages cannot be based solely on the executive branch's characterization of the work to be done pursuant to a contract.[1] Further, also as stated by the majority, a contractor cannot be permitted to blindly accept the representation of a government agent regarding the non-applicability of the Prevailing Wage Act to a specific project. In those instances where the Prevailing Act is applicable, both the government agent and the contractor must act in good faith so that the purpose of the Prevailing Act will be achieved.

---

[1] *See generally State v. Sigler*, 224 W. Va. 608, 687 S.E.2d 391 (2009), wherein this Court looked beyond the characterization which law enforcement chose to use to describe a particular traffic stop and instead held that the actual effect of the stop determined its character and thus, the law applicable to such a stop. In *Sigler*, law enforcement could not avoid the constitutional requirements which attach to a sobriety checkpoint simply by instead calling it a "safety checkpoint." To allow the executive branch to avoid the effect of constitutional and statutory law be resorting to self-serving characterizations would contravene West Virginia laws and the rights which attach thereto.